UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JULIE A. SU, Acting Secretary of Labor,
United States Department of Labor,

                Plaintiff,

v.

OAK HILL OPERATIONS ASSOCIATES,
LLC d/b/a OAK HILL NURSING FACILITY;
CENTERS FOR CARE, LLC d/b/a CENTERS
HEALTHCARE; and KENNETH
ROZENBERG,

                Defendants.

Civil Action No. 1:23-cv-426

Injunctive Relief Sought

## COMPLAINT

1. Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor (the "Secretary") brings this action because Defendants Oak Hill Operations Associates d/b/a Oak Hill Nursing Facility and Centers for Care, LLC d/b/a Centers Healthcare (collectively, the "Nursing Facilities"), and their owner, Defendant Kenneth Rozenberg, failed to pay their employees proper overtime compensation and failed to keep accurate employment-related records, in violation of the Fair Labor Standards Act (the "FLSA").

2. The Secretary seeks to have the Court enjoin Defendants from violating the provisions of Sections 7, 11, 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 207, 211, 215(a)(2), and 215(a)(5) and to recover unpaid wages and liquidated damages pursuant to the provisions of Sections 15(a)(2) and 16(c) of the FLSA, 29 U.S.C. §§ 215(a)(2) and 216(c).

Jurisdiction and Venue

3. Jurisdiction of this action is conferred upon this Court by Section 17 of the FLSA, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

4. Venue is proper in the United States District Court for the District of Rhode Island because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

The Parties

5. Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor, is vested with authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages, and is the proper plaintiff for this action.

6. Defendant Oak Hill Operations Associates, LLC d/b/a Oak Hill Nursing Facility is located at 544 Pleasant Street, Pawtucket, Rhode Island 02860 within the jurisdiction of this Court, and is engaged at that place of business in the operation of a skilled nursing facility.

7. Defendant Centers for Care LLC d/b/a Centers Healthcare is located at 4770 White Plains Road, Bronx, New York 10470 and is engaged at that place of business in the operation of a skilled nursing facility.

8. Defendant Oak Hill Operations Associates, LLC d/b/a Oak Hill Nursing Facility and Defendant Centers for Care LLC d/b/a Centers Healthcare are part of a multi-establishment business with a common owner.

9. The Nursing Facilities employ the employees listed in the attached Exhibit A who have not received proper compensation under the FLSA.

10. Defendant Kenneth Rozenberg is the owner of the Nursing Facilities.

11. Defendant Kenneth Rozenberg transacts substantial business on a continuous and

systematic basis in this judicial district, within the jurisdiction of this Court.

12. The claims against Defendant Kenneth Rozenberg in this case arise out of and are directly related to business activities in Rhode Island.

13. Defendant Kenneth Rozenberg has certain control over the daily operations of the Nursing Facilities, including the authority to hire and fire employees, determine employees' wage rates, supervise employees, set payroll practices, and manage the daily operations of the business.

14. Defendant Kenneth Rozenberg is and has been an employer of the Nursing Facilities' employees within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

Defendants Are an Enterprise Engaged in Commerce

15. At all times described herein, Defendants were an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), as they engaged in related activities performed through unified operation or common control for a common business purpose.

16. At all times described herein, Defendants employed employees in the activities of said enterprise, which is engaged in commerce or in the production of goods for commerce, including having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

17. Said enterprise has had an annual gross volume of sales or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

18. For the period covered by this Complaint, Defendants' employees have been employed in this enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

Defendants' Wage and Hour Practices

19. From March 22, 2020 to at least March 21, 2022, Defendants failed to pay certain employees working at the Nursing Facilities, who are listed in the attached Exhibit A, the overtime compensation required by Section 7 of the FLSA, 29 U.S.C. § 207.

20. During the time period set forth above, Defendants failed to compensate employees at one and one-half times their regular rates of pay for all hours worked over forty hours in a workweek.

21. Defendants paid at least one employee straight-time wages for overtime hours worked.

22. Defendants paid employees non-discretionary bonuses and failed to include these bonuses in employees' regular rates of pay.

23. Defendants misapplied an overtime exemption for at least one employee.

24. During the time period set forth above, Defendants failed to maintain the records required under Section 11 of the FLSA, 29 U.S.C. § 211.

25. Defendants did not maintain records as required by the FLSA, including complete and accurate records of hours worked by employees.

COUNT ONE

**Defendants Failed to Pay the Overtime Premium Required by Section 7 of the FLSA**

26. The Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

27. Defendants have violated the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees for workweeks longer than forty hours without compensating them at rates not less than one and one-half times the regular rates at

which they were employed for hours worked in excess of forty hours in such workweeks.

28.     Therefore, Defendants are liable for overtime compensation owed to the employees listed in the attached Exhibit A and an equal amount of liquidated damages under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

## COUNT TWO

### Defendants Failed to Keep Records Required Under Section 11 of the FLSA

29.     The Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

30.     Defendants failed to keep true and accurate records in violation of Sections 11 and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211 and 215(a)(5), and the regulations thereunder, specifically 29 C.F.R. Part 516.

## PRAYER FOR RELIEF

Throughout the period covered by this Complaint, Defendants violated the aforesaid provisions of the FLSA, as alleged. WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants as follows:

1.     For an order pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from prospectively violating the FLSA, including Sections 7, 11, 15(a)(2), and 15(a)(5), 29 U.S.C. §§ 207, 211, 215(a)(2) and 215(a)(5);

2.     For an order pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), holding Defendants liable for unpaid back wages found due to Defendants' current and former employees listed in the attached Exhibit A for the time period set forth above, plus an equal amount in liquidated damages. Additional amounts of back wages and liquidated damages may

also be owed to certain current and former employees of Defendants listed in the attached Exhibit A for violations continuing after the time period set forth above, and may be owed to certain current and former employees presently unknown to the Secretary for the periods covered by this Complaint, who may be identified during this litigation and added to Exhibit A;

3. For an order pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from withholding the amount of unpaid overtime compensation found due to Defendants' employees;

4. In the event liquidated damages are not awarded, prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

5. Awarding the Secretary the costs of this action; and

6. Granting such other and further relief as may be necessary and appropriate.

    Seema Nanda
    Solicitor of Labor

    Maia S. Fisher
    Regional Solicitor

    Mark A. Pedulla
    Counsel for Wage & Hour

    /s/ Sheila A. Gholkar
    Sheila A. Gholkar
    Trial Attorney
    Gholkar.sheila.a@dol.gov
    MA BBO No. 687659
    U.S. Department of Labor
    Attorneys for Plaintiff

    Post Office Address:
    JFK Federal Building—Room E-375
    Boston, Massachusetts 02203
    TEL: (617) 565-2500
    FAX: (617) 565-2142

DATE: October 17, 2023

## Certificate of Service

I hereby certify that on October 17, 2023, a copy of foregoing COMPLAINT was filed electronically. I further certify that on that date I served these documents on Defendants by regular mail to:

        Meir Lerner
        Centers Business Office
        4770 White Plains Road
        Bronx, NY 10470
        TEL: (718) 931-9700 ext. 135
        mlerner@centerbusiness.org

        Richard Greenberg
        Jackson Lewis P.C.
        666 Third Avenue
        29th Floor
        New York, NY 10017
        Richard.Greenberg@jacksonlewis.com

the last known address.

        */s/* Sheila A. Gholkar
        Sheila A. Gholkar
        MA BBO No. 687659

        U.S. Department of Labor
        Office of the Solicitor
        JFK Federal Building
        Room E-375
        Boston, MA  02203
        TEL: (617) 565-2500
        FAX: (617) 565-2142
        Gholkar.sheila.a@dol.gov